UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHERRY A. HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| COMTEC INFORMATION SYSTEMS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, CHERRY A. HAYWOOD, by and through her attorney Nicholas F. Esposito, and for her complaint against Defendant COMTEC INFORMATION SYSTEMS alleges the following:

**Jurisdiction, Venue, and Parties**

1. Plaintiff alleges race, age, sex discrimination and prohibited related retaliation.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e, *et seq.*), Age Discrimination in Employment Act of 1967 as amended (29 U.S.C. § 621, *et seq.*), and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.

3. This action is brought under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and §1343(4) because this action arises from an Act of Congress for the protection of civil rights. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for damages, injunctive and other relief for illegal discrimination in employment.

4. At all times relevant hereto, Plaintiff is an adult female individual, over the age of 40 years, and citizen of the State of Illinois, and who currently resides within this judicial district.

5. At all times relevant hereto, Defendant Chamber of Commerce.com has its principal place of business at 5525 N. MacArthur Blvd., Suite 650, Irving, TX 75038 with employees residing in Illinois and which does business in this judicial district.

6. Venue in this district is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices occurred in this district and the Defendant does business in this judicial district.

7. Defendant advertises itself as a technology consulting company to businesses, customer-centric to design and develop tailor-made solutions.

8. On October 10, 2023, Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission regarding alleged race, sex, age and retaliation discrimination pursuant to Title VII and the discrimination Age Discrimination in Employment Act of 1967, the Civil Rights Act of 1991, and the Illinois Human Rights Act.

9. On April 14, 2025, the EEOC issued its Right to Sue Letter. This suit is filed timely filed within ninety (90) days of receipt of the Right to Sue Letter.

10. At all times relevant hereto, Plaintiff was and is a resident of the City of Aurora, DuPage County, Illinois.

11. Plaintiff is a 59-year-old, Black, female.

12. Plaintiff was hired by Defendant Comtec Information Systems as a fulltime employee for the role of "Sr. SAP Project Manager" (with salary and benefits) on September 30, 2022, working remotely in DuPage County, Illinois.

13. On January 5, 2023, Plaintiff was contacted her new supervisor, Project Manager Teresa Derting (white, female), working remotely, on information and belief from Florida, in

2

DuPage County, Illinois, and who expressed concern about Plaintiff not providing her project information promptly enough.

14. However, in its EEOC Position Statement, Defendant states, "By the time Derting stepping [sic] into the Program, Complainant's projects were already behind schedule. In the two weeks that Complainant reported to Derting, two milestones had to be pushed back. This, is in and of itself, is not necessarily an issue," nor was its Plaintiff's doing.

15. In a follow-up conversation with Ms. Derting on the evening of January 5, 2023, Plaintiff informed her that the task had been completed. Ms. Derting aggressively responded that she was "really pissed off that Plaintiff had not gotten her the information quickly enough."

16. Plaintiff informed Ms. Derting that she was very engaged with getting clients' answers about vendor questions by the end of day.

17. Ms. Derting loudly responded that Plaintiff's problem was that Plaintiff was not in charge. She added, "I know what your problem is Cherry." Plaintiff responded, "I am sorry?" Ms. Derting answered, "Your problem is that you are not in charge. You are not in charge...you see black...I mean...just your people don't always get to be in charge." In shock, Plaintiff asked, "please help me understand what do you mean, 'Black people don't always get to be in charge?' What are you talking about? I simply called you to let you know that I had completed a task and to provide the remaining status." Ms. Derting responded again, "Cherry, you need to understand Blacks are not always in."

18. On the morning of January 6, 2023, Plaintiff called the then Vice President - Customer Services Vijay Saradhi and informed him of the entire incident. Vice President Saradhi told Plaintiff that he would immediately follow up and be back in touch with Plaintiff.

3

19. Plaintiff attended her weekly SAP/software status meeting with the client Sr. Leadership. Ms. Derting attended *for the first time*. The client asked Plaintiff to provide an update.

20. Plaintiff finished the January 6, 2023 meeting, and continued the morning with planning client meetings. In the middle of Plaintiff' working session, her computer screen locked up. Plaintiff logged out and attempted to log back in, but Plaintiff could not.

21. Plaintiff called the IT helpdesk. The IT helpdesk told Plaintiff that a request was put in to immediately disconnect her access. The IT helpdesk had no further information.

22. Plaintiff immediately called Vice President Saradhi to inform him what had occurred. He responded, "This can't be happening," and that he would look into it and find the underlying cause of it.

23. Vice President Saradhi said he was supposed to have a call with Ms. Derting on Tuesday, January 10, 2023, and he would follow up with Plaintiff immediately after that call.

24. Vice President Saradhi did not contact Plaintiff.

25. Plaintiff kept calling him on January 10, 11, 12, 13, 16, 17, 18, 19, 2023.

26. On Jan 20, 2023. Plaintiff left Vice President Saradhi another message to call her. He did not return her call. Instead, she received a final paycheck on January 20, 2023.

27. Thereafter, on information and belief, Plaintiff is informed and believes that her job and/or duties including clients was turned over to a younger, less, experienced white, female, and Asian male(s).

## Count I
## Race Discrimination and Retaliation

1-27. Plaintiff repeats and realleges paragraphs 1 through 27 as paragraphs 1 through 27 herein.

28. The Defendant subjected plaintiff to race discrimination.

4

29. The Defendant subjected plaintiff to race discrimination, racial harassment, and a racially hostile work environment.

30. Plaintiff complained about racial misconduct to her superior, who ignored her complaints and, despite his promise to do so, provide Plaintiff with no investigation and/or response and/or remedy to her complaint. Instead, Defendant retaliated against her by firing her and on information and belief replacing her with or transferring some of her duties to a younger white female, and at least one younger Asian male.

31. The Defendant engaged in unlawful race discrimination and harassment by subjecting her to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, which created an intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiffs' emotional well-being, and engaged in retaliation for Plaintiff's complaint of wrongful conduct.

29. The Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate racial harassment and discrimination in the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

30. As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

31. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

32. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in her favor and against The Acosta Defendants and asks that the court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

### Count II
### Sex Discrimination

1-32. Plaintiff repeats and realleges paragraphs 1 through 32 as paragraphs 1 through 32 herein.

33. The Defendant subjected plaintiff to sex discrimination, and related retaliation.

34. The Defendant subjected plaintiff to sex discrimination.

35. Plaintiff complained about misconduct to her superior, who ignored her complaints and, despite his promise to do so, provide Plaintiff with no investigation and/or response and/or remedy to her complaint. Instead, Defendant retaliated against her by firing her and on information and belief replacing her with or transferring some of her duties to a younger white female, and at least one younger Asian male.

36. The Defendant engaged in unlawful race discrimination and harassment by subjecting her to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, which created an intimidating, oppressive, hostile and offensive work environment that interfered with Plaintiffs' emotional well-being, and engaged in retaliation for Plaintiff's complaint of wrongful conduct.

37. The Defendant failed to comply with their statutory duty to take all reasonable and

necessary steps to eliminate racial harassment and discrimination in the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

38. As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

39. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

40. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in her favor and against The Acosta Defendants and asks that the court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

### Count III
### Age Discrimination

1-40. Plaintiff repeats and realleges paragraphs 1 through 40 as paragraphs 1 through 40 herein.

41. The Defendant subjected plaintiff to race discrimination.

42. The Defendant subjected plaintiff to race discrimination, racial harassment, and a racially hostile work environment.

43. Plaintiff complained about racial misconduct to her superior, who ignored her complaints and, despite his promise to do so, provide Plaintiff with no investigation and/or response and/or remedy to her complaint. Instead, Defendant retaliated against her by firing her and on information and belief replacing her with or transferring some of her duties to a younger white female, and at least one younger Asian male.

44. The Defendant engaged in unlawful age discrimination in violation of the Age Discrimination in Employment Act, which created an intimidating, oppressive, hostile, and offensive work environment that interfered with Plaintiffs' emotional well-being, and engaged in retaliation for Plaintiff's complaint of wrongful conduct.

45. The Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate racial harassment and discrimination in the workplace and to prevent it from occurring in the future. 42 U.S.C. § 2000e.

46. As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

48. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in her favor and against The Acosta Defendants and asks that the court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

### Count IV
### Race, Sex and Age Discrimination, Harassment, and Retaliation
### Illinois Human Rights Act, 775 ILCS 5/1-101 et seq

1-48. Plaintiff repeats and realleges paragraphs 1 through 48 as paragraphs 1 through 48 herein.

49. The Defendant subjected plaintiff to race, and then sex and age discrimination, and a racially hostile work environment.

50. Plaintiff complained about the misconduct to her superior, who ignored her complaints and, despite his promise to do so, provide Plaintiff with no investigation and/or response and/or remedy to her complaint. Instead, Defendant retaliated against her by firing her.

51. The Defendant engaged in unlawful discrimination and harassment by subjecting her to a hostile work environment, in violation of Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.

52. The Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate racial harassment and discrimination in the workplace and to prevent it from occurring in the future. Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.

53. As a direct and proximate result of Defendant's discrimination against Plaintiff, she has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional

distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

54. Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

**WHEREFORE,** Plaintiff prays for judgment in her favor and against The Acosta Defendants and asks that the court award her direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to Illinois Human Rights Act, 775 ILCS 5/1-101 et seq., reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as the Court may find appropriate.

**JURY TRIAL IS DEMANDED FOR ALL COUNTS.**

    Respectfully submitted,
    Cherry Haywood,
    Plaintiff
    /s/ Nicholas F. Esposito
    Plaintiff's Attorney

Nicholas F. Esposito
Esposito Law LLC
835 McClintock Dr., Suite 100
Burr Ridge, IL 60527
(312) 346-2766
ARDC No.: 0755176