## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHERRY A. HAYWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:25-cv-07883 |
| ) | |
| COMTEC INFORMATION SYSTEMS, ) | Honorable Linsday C. Jenkins |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS*

NOW COMES Plaintiff, CHERRY A. HAYWOOD ("Plaintiff"), by and through her attorney, Nicholas F. Esposito, and in response to Defendant's Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens*, states as follows:

### BACKGROUND

Plaintiff filed her employment discrimination lawsuit for federal and Illinois federal statutory race and retaliation discrimination (Count I), federal sex discrimination (Count II), federal age discrimination (Count III), and for Illinois state race, sex and age discrimination, harassment, and retaliation under the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. (Count IV). Doc. #1.

Plaintiff resides in the City of Aurora, DuPage County, Illinois. Doc. #1, ¶10. The Defendant, her former employer, has its principal place of business Irving, Texas, but also does business in DuPage County, Illinois, Doc. #1, ¶5. Plaintiff alleges that the complained-of unlawful employment practices occurred in this judicial district in which Plaintiff resides and worked for Defendant. Doc. #1, ¶6.

**ARGUMENT**

Defendant's motion to "dismiss" seeks a change of venue based upon an alleged contractual forum selection clause, which Plaintiff opposes. Defendant's motion seeking to transfer all count claims is more properly a motion to transfer venue under 28 U.S.C. Section 1404(a), not a motion to dismiss. Nonetheless, Plaintiff responds to the motion to "dismiss" as filed. Defendant also seeks dismissal of Plaintiff's Count IV claim brought under the Illinois Human Rights Act.

In support, the Defendant attaches as an exhibit an unverified document which is not referenced nor attached to Plaintiff's complaint nor, without waiver of her statutory claims, forms the basis for any alleged "breach of contract" claim. Pursuant to FRCP 12 (d), the document should not be considered. On the other hand, matters outside the pleadings are addressed by:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 . All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

If the court decides to consider the document, the so-called "at will" "contract" does *not* require transfer to the Texas <u>state</u> court but, by implication, to either state or federal court. While Plaintiff opposes transfer on other grounds, as the primary claims are based upon federal discrimination laws, any decision to transfer venue should be to the respective federal court and not state court.

Regarding the Illinois statutory claim in Count IV, Defendant seeks to dismiss Count IV based upon Illinois Human Rights Act statutory provisions and arguments, thereby waiving its right to enforce the forum selection clause in favor of Texas.

**Facts**

On July 11, 2025, Plaintiff filed a Complaint against Defendant, COMTEC INFORMATION SYSTEMS ("ComTec"), in the U.S. District Court for the Northern District pursuant to Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e, et seq.), Age Discrimination in Employment Act of 1967 as amended (29 U.S.C. § 621, et seq.), and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.. Doc. #1. The Complaint alleges that Plaintiff, a 59 year old black female, was employed by Defendant Comtec Information Systems as a fulltime employee in the role of "Sr. SAP Project Manager" (with salary and benefits) on September 30, 2022, working remotely in DuPage County, Illinois. Doc. #1, ¶11-12. On January 5, 2023, Plaintiff endured racially charged verbal abuse by a new supervisor, Project Manager Teresa Derting (white, female). Doc. #1, ¶13-17. Specifically, Plaintiff is a 59-year old Black female. Doc. #1, ¶5. In Illinois, in a conversation with her supervisor about four months after she was hired, Plaintiff was loudly told that Plaintiff's problem was that Plaintiff was not in charge. The supervisor added, "I know what your problem is Cherry." Plaintiff responded, "I am sorry?" The supervisor answered, "Your problem is that you are not in charge. You are not in charge...you see black...I mean...just your people don't always get to be in charge." In shock, Plaintiff asked, "please help me understand what do you mean, 'Black people don't always get to be in charge?' What are you talking about? I simply called you to let you know that I had completed a task and to provide the remaining status." The supervisor responded again, "Cherry, you need to understand Blacks are not always in." Doc. #1, ¶17.

On the morning of January 6, 2023, Plaintiff called the then Vice President - Customer Services Vijay Saradhi and informed him of the entire incident. Vice President Saradhi told Plaintiff that he would immediately follow up and be back in touch with Plaintiff. Doc. #1, ¶18.

3

Instead, she received a final paycheck on January 20, 2023. Doc. #1, ¶26. The next day, Plaintiff's computer access was disconnected. Doc. #1, ¶20-21. Plaintiff received a last paycheck on January 20, 2023. Doc. #1 ¶26. Plaintiff believes that her duties were turned over to younger less experienced individuals, namely a white female and Asian male(s). Doc. #1, ¶26-27.

Assuming the court permits Defendant to rely upon the nonverified exhibit which Plaintiff opposes, the forum selection clause at issue states in pertinent part:

> The laws of the State of Texas shall govern this letter/agreement. Both parties consent to the jurisdiction of Dallas County (Texas) and designate it as the sole and exclusive jurisdiction for the resolution of any disputes regarding this agreement or any other disputes which may arise between the parties. (Motion Exhibit B.)

**Legal Standard**

Defendant filed a motion to dismiss based on *forum non conveniens* pursuant to a forum selection clause in an employment letter that Plaintiff allegedly electronically signed.

Illinois federal courts determine the interpretation of a forum selection clause pursuant to the law chosen by the parties, in this case, Texas. *Abbott Labs. v. Takeda Pharms.,* 476 F.3d 421, 423 (7th Cir. 2007). While forum selection clauses are prima facie valid, they are not enforceable if they are unreasonable under the circumstances. The enforceability of forum selection clauses is determined by federal law. The Supreme Court has held in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas,* that forum selection clauses are enforceable. 134 S.Ct. 568, 575 (2013). The Seventh Circuit has recognized some exceptions to the presumption of validity that attaches to forum selection clauses. *Bonny v. Society of Lloyd's,* 3 F.3d 156, 160 (7th Cir.1993). The first exception is where incorporation of the clause into the contract was the result of "fraud, undue influence, or overweening bargaining power." *Id.* The second exception is where "the selected forum is so gravely difficult and inconvenient that [the

4

complaining party] will for all practical purposes be deprived of its day in court." *Id.* The third exception applies where enforcement of the clause "would contravene strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." *Id.* Finally, the Seventh Circuit has noted that the presumptive validity of a forum selection clause might be rebutted "[i]f there is inconvenience to some third party * * * or to the judicial system itself." *Northwestern Nat. Ins. Co. v. Donovan,* 916 F.2d 372, 378 (7th Cir. 1990).

I. The Forum Selection Clause Is Permissive.

Texas case law recognizes a distinction between mandatory and permissive forum selection clauses. *Caladas & Sons, Inc. v. Willingham,* 17 F.3d 123, 127-28 (5th Cir. 1994). A mandatory forum selection clause affirmatively requires that litigation arising from the contract be carried out in a given forum. By contrast, a permissive forum selection clause is only a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum. Only mandatory clauses justify transfer or dismissal. *Weber v. PACT XPP Technologies, AG,* 811 F.3d 758 (5th Cir. 2016). A forum selection clause is mandatory only if it contains clear language specifying that litigation *must* occur in the specified forum, and language merely indicating that the courts of a particular place "shall have jurisdiction" (or similar) is insufficient to make a forum selection clause mandatory. *Caladas,* 17 F. 3d 123, 127-28 (holding that a forum selection clause providing that '[t]he law and courts of Zurich shall be applicable' was permissive rather than mandatory).

With respect to the interpretation of the forum selection clause at issue, Plaintiff begins by noting that jurisdiction and venue are separate and distinct concepts, as jurisdiction concerns a court's authority to hear and determine a dispute, whereas venue pertains to the place of trial of an action within the court system. *In re Parr,* 199 S.W.3d 457, 461 (Tex. App. Houston 1st Dist.

2006). The forum selection clause at issue does not specifically fix the place of trial or venue, since "Dallas County (Texas)" only applies to the jurisdiction of a potential lawsuit. Furthermore, the clause does not include any language preventing a party from invoking venue elsewhere. Finally, the clause uses the word "consent," implying that the clause is not mandatory. As such, while there may be diversity jurisdiction in this case, venue remains proper in Illinois.

II.     **The Forum Selection Clause Is Against Illinois Public Policy.**

There is a strong public policy basis to deny Defendant's motion to dismiss. *Atlantic*, 571 U.S. 49 (2013) (holding that when a forum selection clause is in play, the *forum non conveniens* analysis looks to public interest factors). The public-interest factors courts are to consider in a *forum non conveniens* analysis include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Id. A plaintiff's choice of forum is given "some"—significant but non-determinative—weight. *See Atl. Marine*, 134 S. Ct. at 581 n.6.

Plaintiff is an Illinois resident and did her work in Illinois. Doc. #1, ¶11-12. There is a local interest in having a controversy about an Illinois resident's employment decided at home, especially when this venue is most affected by Defendant's Title VII discrimination. *Luderus v. United States Helicopters, Inc.,* No. 12-cv-5094, 2013 WL 677814, at *4 (N.D. Ill. Feb. 25, 2013) (clause is unenforceable). Public policy generally supports protection of workers and a stable job market, and there is also a strong public policy embodied in Title VII itself. *Id.* Finally, there is the unfairness of burdening Texas citizens with jury duty in a case concerning discrimination against a non-resident. These circumstances disfavor transfer.

6

**III.     The Forum Selection Clause Is Not Valid, Enforceable, Reasonable or Conscionable.**

The forum selection clause in this case is unconscionable because it was not freely negotiated. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, n. 14 (1974) (forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion). Plaintiff had an absence of meaningful choice when signing this agreement. As the employee, she was in a weaker bargaining position than the Defendant. Additionally, the forum-selection cause is hidden within a complex four-page long letter and is in the same size print as the rest of the agreement. Mot. Ex. B, p. 4. Certain portions of the agreement had to be additionally initialed by Plaintiff; the forum selection clause was not one of them. Mot. Ex. B, pp. 1-2,4. Portions of the letter had noticeable headers calling attention to certain clauses; the forum selection clause had no header. Mot. Ex. B. In light of this, the Defendant's letter did not reasonably communicate or provide the necessary emphasis to Plaintiff that she might be forfeiting her right to sue in the forum of her choice. Defendant included this non-negotiated forum selection clause in its form letter so as to make the redress of grievances so onerous and prohibitive to its remote workers that it essentially deprived them of any would-be plaintiff's rights. It is a contract of adhesion. *See Zuniga v. Major League Baseball*, 2012 IL App (1st) 201264, 457 Ill.Dec. 888, 196 N.E.3d 12 (Ill. App. Ct. 2021) (arbitration provision on reverse side of baseball ticket was unconscionable).

Attached as Exhibit A is the Declaration of Plaintiff Cherry Haywood which states that on September 23, 2022 she was using her mobile phone in the hallway of the Aurora Public Library in Aurora, Illinois when she received a call from ComTec's HR manager Sunil Kurivilla. He told Plaintiff that Defendant ComTec's Program Manager Robin Nilson wanted to bring her on with a client and was "on a timeline" with a client and needed her to immediately sign an offer letter to become an employee of ComTec. She was told she needed to be an employee of ComTec and be

7

assigned to the client account before she could join the client meeting. She was told the meeting could not go forward until she signed the employment agreement and that she was supposed to "hurry up and sign it" and "get it done". Ex. A, ¶3. She was not asked whether she had read the document before the meeting started. She was not asked if she had consulted a lawyer before the meeting started. The only expressed concern was for Plaintiff to immediately sign the agreement because the meeting was waiting for me. Ex. A, ¶4.

Defendant points to the case of *Paper Express, Ltd. v. Pfankuch Maschinen Gmbh*, 972 F. 2d 753 (7th Cir. 1992) to stand for the proposition that Plaintiff should be bound to the clause despite the foregoing deficiencies with the agreement. However, in *Paper Express*, the parties were sophisticated businesses engaged in international commerce. *Id.* at 758. Here, Plaintiff is an individual who sought a remote job at the Senior Manager level. Mot. Ex. B, p. 1. Defendant, on the other hand, advertises itself as a technology consulting company to businesses which develops tailor-made corporate solutions. Doc. #1, ¶7. In light of the foregoing inequality, and the financial cost and burden to Plaintiff associated with litigating this matter in Texas, Plaintiff's case should remain in Illinois.

Furthermore, Plaintiff's health issues are such that the difficulty of prosecuting her claim in Texas will effectively deprive her of her day in court. Plaintiff is a veteran and has ongoing medical issues. Ex. A, ¶8. She is currently being treated at the VA medical facility in Hines, Illinois and is receiving physical therapy. Ex. A, ¶8. It would be inequitable for Plaintiff to be forced to litigate her claims in Texas given the aforementioned hardship.

Finally, Plaintiff argues in the alternative that Defendant has waived its right to demand enforcement of the forum selection clause by substantially participating in the underlying EEOC investigation concerning Plaintiff's claims here in Illinois.

8

**IV.     Plaintiff's Federal Claims and Claims Under the Illinois Human Rights Act Fall Outside the Scope of the Clause and Preclude Enforcement.**

The claims asserted in Plaintiff's complaint do not arise within the scope of the forum selection clause in any event. Under Texas law, this determination requires a "a common-sense examination of the claims and the forum-selection clause to determine if the clause covers the claims." *In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 884 (Tex. 2010). The torts alleged in Plaintiff's Complaint are far removed from the contract and the rights being asserted do not originate from Defendant's employment letter. Plaintiff is not making a wage claim. Plaintiff is claiming that her civil rights were violated, she was discriminated against, and she was subject to a racially hostile work environment. The forum selection clause does not make explicit that it applies to statutory claims, and Defendant has not shown that the forum selection clause is applicable to the claims raised in the Complaint. Further, the forum-selection clause here, by requiring Haywood to bring suit in Texas rather than in Illinois, where she worked and allegedly suffered discrimination and harassment, is unenforceable based on the forum provision contained in 42 U.S.C. § 2000e-5(f)(3), which embodies a public policy determination that Title VII plaintiffs should have a choice of where to bring suit.

Defendant points to the case of *Sharpe v. Jefferson Distributing Co.*, 148 F.3d 676 (7th Cir. 1998), but misstates its holding. *Sharpe* did dismiss a Title VII case, but not on the basis of a forum clause. The case was dismissed because the employer was a two-person firm not subject to Title VII. *Id.* at 679. With respect to the forum selection clause brought up in the opinion, the appellate court found: any arguments with respect to the forum selection clause were waived due to a seven-month delay in their assertion; the district court should not have transferred the case; and the district judge needed to "make amends" for the transfer by putting the case on the fast track to decision. *Id.*

9

With respect to Plaintiff's IHRA claims, Defendant attempts to dismiss these claims with prejudice in a *forum non conveniens* motion. Defendant's exhaustion arguments are not properly teed up at this stage of the proceedings. Defendant should not be allowed to treat a *forum non conveniens* motion as a Rule 12(d) motion for summary judgment. Arguing in the alternative, Plaintiff submits there is a set of facts consistent with the Complaint upon which she might prevail. The facts as alleged do not foreclose the idea that Plaintiff communicated with the IDHR. In the alternative, Plaintiff requests leave to amend her Complaint. Should this Court agree with Defendant's exhaustion argument under the IHRA (Count IV of Complaint), it is important to note that Plaintiff appropriately completed the EEOC charge process and received a right to sue letter, and her Title VII claims still stand (Counts I-III of Complaint). *See Fort Bend County v. Davis,* 139 S.Ct. 1843 (2019).

WHEREFORE, Plaintiff, CHERRY A. HAYWOOD, respectfully moves this Court deny Defendant's motion to dismiss the Complaint pursuant to the doctrine of *forum non conveniens, and other relief the court deems just*.

**CHERRY HAYWOOD,** Plaintiff,
By: /s/ Nicholas F. Esposito
One of her attorneys
Nicholas F. Esposito (ARDC No. 0755176)
**ESPOSITO LAW, LLC**
835 McClintock, Ste 100
Burr Ridge, IL 60527
(312) 346-2766

**PROOF OF SERVICE**

I, Nicholas F. Esposito, an attorney, does hereby certify that I have served the aforementioned document upon the above-referenced counsel of record via email transmission on this 16th day of September 2025.

//s/ Nicholas F. Esposito