**IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| CHERRY A. HAYWOOD<br><br>Plaintiff<br><br>v.<br><br>COMTEC INFORMATION SYSTEMS<br><br>Defendant. | Case No. 1:25-cv-07883<br><br>Honorable Lindsay C. Jenkins |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS**

The Defendant, Com Tec Information Systems, by and through its undersigned attorney, respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to the doctrine of *forum non conveniens*.

**INTRODUCTION**

Plaintiff, Cherry A. Haywood, has failed to present compelling arguments to overcome the enforceability of the forum selection clause, which both parties agreed to and which designates Dallas County, Texas, as the exclusive jurisdiction for resolving disputes. Plaintiff's response relies on misinterpretations of the law, unsubstantiated claims of inconvenience, and irrelevant procedural objections. As demonstrated below, the forum selection clause is valid, enforceable, and applicable to all claims raised in Plaintiff's Complaint. Accordingly, Defendant's motion to dismiss should be granted. Alternatively, if this Honorable Court declines to dismiss Plaintiff's Complaint pursuant to the doctrine of *forum non conveniens,* Defendant requests that this matter be transferred to the appropriate Dallas County court, pursuant to 28 U.S.C. § 1404(a).

**ARGUMENT**

**I.  Defendant's Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens* is Appropriate.**

Plaintiff's assertion that Defendant's motion is "more properly a motion to transfer venue under 28 U.S.C. § 1404(a)" reflects a misunderstanding of the applicable legal standard. The U.S. Supreme Court in *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49 (2013), clarified that when a valid forum selection clause designates a nonfederal forum, dismissal under the doctrine of *forum non conveniens* is the proper procedural mechanism. *See Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 49 (2013) ("dismissal under Rule 12(b)(3) would be the correct mechanism for enforcing a forum-selection clause that pointed to a nonfederal forum."). Transfer under § 1404(a) is unavailable in such cases. *Id*. at 60-61.

The forum selection clause at issue explicitly designates "Dallas County (Texas)" as the sole and exclusive jurisdiction for resolving disputes. Federal district courts are not "in" counties but rather encompass broader regions. Dallas County is a particular area within the Northern District of Texas, and Dallas County Courts are a part of the Texas state court system. Thus, the absence of any reference to the "United States District Court for the Northern District of Texas, Dallas Division," clearly demonstrates the intention of the parties to have any disputes adjudicated in state court. Plaintiff's argument that the motion is improperly styled as a motion to dismiss rather than a motion to transfer is therefore irrelevant. The forum selection clause mandates dismissal in favor of the agreed-upon state forum.

**II.      The Forum Selection Clause is Valid, Enforceable, and Mandatory.**

The forum selection clause in the employment agreement explicitly states that "both parties consent to the jurisdiction of Dallas County (Texas) and designate it as the sole and exclusive jurisdiction for the resolution of any disputes regarding [the] agreement or any other disputes which may arise between the parties" *See* ECF Dkt. #7, Mot. Ex. B, p. 4. This language is mandatory and binding. Under federal law, forum selection clauses are presumptively valid and

enforceable unless the opposing party demonstrates that enforcement would be unreasonable or unjust. *See Atl. Marine*, 571 U.S. 49 at 63-64. Plaintiff has failed to meet this burden.

Plaintiff's argument that the clause is permissive rather than mandatory is contradicted by its plain language. Plaintiff's reliance on *Caladas* and *Weber* is misplaced, as those cases involved clauses that lacked the clear and exclusive language present here. In *Caladas,* the contract between the parties contained a one sentence forum selection clause merely stating that "the laws and courts of Zurich are applicable." *See Caladas & Sons v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). The *Caladas* Court concluded that the limited language in the forum selection clause did not clearly and unequivocally indicate that the parties intended to declare Zurich as "the exclusive forum for the adjudication of disputes arising out of the contract." *Id.* at 128. Unlike the permissive language in *Caladas*, the clause here explicitly designates Dallas County as the "sole and exclusive jurisdiction" to resolve any disputes regarding the agreement or any other disputes that may arise between the parties.

Similarly, Plaintiff's reliance on *Weber v. PACT XPP Techs., AG*, 811 F.3d 758 (7th Cir. 2016), is misplaced. Unlike the clause in *Weber*, which involved ambiguities arising from translation, the clause here is clear and unequivocal. Plaintiff's arguments to the contrary are unsupported by the plain language of the agreement and applicable case law.

### III.     Public Policy Does Not Preclude Enforcement of the Forum Selection Clause.

Plaintiff's reliance on Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), and Illinois public policy is unavailing. While Title VII provides plaintiffs with venue options, it does not override a valid forum selection clause. Title VII's venue provision is permissive, not mandatory, and nothing in its text or history indicates that Congress intended to displace contractual forum agreements. *Atlantic Marine* makes clear that forum selection clauses are presumptively

enforceable and may be overcome only by exceptional public interest factors. *See Atl. Marine*, 571 U.S. 49 at 63 (a valid forum selection clause within a contract "should be given controlling weight in all but the most exceptional cases"); *see also Pinkius v. Sirius XM Radio Inc.*, 255 F. Supp. 3d 747, 751 (N.D. Ill. 2017) (Feinerman, J.) ("[A]lthough judicial efficiency is important, the Supreme Court has instructed that forum selection clauses should be enforced in all but the most exceptional cases.").

Moreover, it is well founded that state courts have jurisdiction to hear Title VII claims. *See Yellow Freight Sys. v. Donnelly,* 494 U.S. 820 (1990) (*Supreme Court* holding that federal courts do not have exclusive jurisdiction over Title VII actions)*; Watkins v. Office of the State Appellate Def.*, 2012 IL App (1st) 111756, ¶ 29 (Illinois appellate court holding that Title VII cases are actionable in state court.); *United Indep. Sch. Dist. v. Mayers*, 665 S.W.3d 775, 782 (Tex. App. 2023) (Texas state courts can hear Title VII claims, but jurisdiction is contingent upon the plaintiff meeting statutory prerequisites, such as exhausting administrative remedies.); *Cuadra v. Declaration Title Co., LLC,* 682 S.W.3d 628, 634 (Tex. App. 2023) (permitting Title VII litigation in Texas state courts, but also limiting the scope of Title VII litigation to claims included in the administrative charge).

Plaintiff's reliance on *Luderus v. United States Helicopters, Inc.*, No. 12-cv-5094, 2013 WL 677814, at *4 (N.D. Ill. Feb. 25, 2013), is misplaced. *Luderus* applied a pre-*Atlantic Marine* framework that gave undue weight to the plaintiff's statutory venue choice, a rationale the Supreme Court has since rejected. Moreover, the Seventh Circuit has enforced forum selection clauses against broadly permissive statutory venue provisions in analogous contexts, such as ERISA. See *In re Mathias*, 867 F.3d 727, 732 (7th Cir. 2017) (finding that a valid forum selection clause in an ERISA contract was controlling regarding venue because ERISA's statutory venue language

does not explicitly invalidate contractual forum selection clauses). Plaintiff has not identified any exceptional circumstances or public policy concerns sufficient to override the strong federal interest in enforcing valid forum selection clauses.

### IV. The Forum Selection Clause Was Not Procured by Fraud, Undue Influence, Coercion, or Overreaching.

Plaintiff's claim that she was coerced into signing the agreement is unfounded. While Plaintiff asserts that she was pressured to sign the agreement quickly due to a client timeline, this does not amount to coercion under established legal principles. "[A] party to a contract has an obligation to read its provisions. It is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 n.10 (7th Cir. 1993). Plaintiff's failure to read the agreement or consult legal counsel before signing does not invalidate the enforceability of the forum selection clause.

The Supreme Court has upheld the validity of forum selection clauses even in contracts of adhesion, provided they are not the result of fraud or coercion. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974). In her response brief, Plaintiff asserts she was told to "hurry up and sign [the employment agreement]," because a meeting could not go forward until she had done so. *See* Plaintiff's Response Brief, ECF Dkt. #12. This does not amount to a threat or use of force by Defendant. Plaintiff does not allege facts showing that Defendant prevented Plaintiff from reviewing the document or seeking legal advice prior to signing the employment agreement. Accordingly, Plaintiff's claims of coercion are unsupported and fail to meet the legal standard for invalidating a forum selection clause.

### V. Plaintiff's Statutory Claims Fall Within the Scope of the Forum Selection Clause.

The forum selection clause applies to "any disputes which may arise between the parties," which encompasses the statutory claims raised in Plaintiff's Complaint. *See* ECF Dkt. #7, Mot.

Ex. B, p. 4. Courts have consistently held that broad forum selection clauses apply to statutory claims when the claims arise out of the contracted relationship, as they do here. *See Schwarz v. Sellers Mkts., Inc.*, 812 F. Supp 2d 932 (N.D. Ill. 2011) (enforcing a forum selection clause that broadly covered "any disputes arising out of or related to this Agreement," including statutory claims, and transferring the case to the Northern District of California); *see also Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209-210 (7th Cir. 1993) (holding that all claims arising from a contractual relationship, including statutory claims, fell within the scope of a forum selection clause). Plaintiff's Title VII and IHRA claims arise directly from her employment relationship with Defendant and therefore fall within the scope of the forum selection clause.

### VI. Plaintiff's Claims of Inconvenience Are Insufficient to Invalidate the Forum Selection Clause.

Plaintiff's claims of inconvenience due to her residence in Illinois, health issues, and financial burden are insufficient to invalidate the forum selection clause. In *Atlantic Marine* the *Supreme Court* emphasized that a valid forum selection clause negates the plaintiff's choice of forum and shifts the burden to the plaintiff to show extraordinary circumstances (unrelated to the convenience of the parties) to justify non-enforcement. *See Atl. Marine*, 571 U.S. 49 at 63-64 (parties who agree to a forum-selection clause waive the right to challenge the preselected forum as "inconvenient" or "less convenient" for themselves or their witnesses, or for their pursuit of the litigation). Because Plaintiff's claims merely rise to those of inconvenience, she has failed to establish the "extraordinary" circumstances required to overcome the parties' contractual agreement.

### VII. The Employment Agreement is Properly Considered.

The employment agreement, including the forum selection clause, is central to Plaintiff's claims and is properly considered at this stage. The Complaint alleges that Plaintiff was employed

by Defendant, which necessarily invokes the terms of the employment relationship. Courts routinely consider documents attached to a motion to dismiss when the documents are central to the claims and their authenticity is not genuinely disputed. *See, e.g.*, *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 662 (7th Cir. 2002) (An employment agreement attached to a motion to dismiss was considered by the district court in ruling on the motion. Although Plaintiff did not refer to the employment agreement explicitly in his complaint, it was considered "part of the pleadings" because it was "central to [the Plaintiff's] claim." The court reasoned that it was "impossible to render the necessary adjudication without reference to the Employment Agreement."). Indeed, failure to consider the agreement at this stage would make enforcement impossible, essentially voiding the contract.

### VIII. Plaintiff's IHRA Claims Should be Dismissed.

The forum selection clause applies to "any disputes which may arise between the parties," a phrase broad enough to encompass statutory claims, including those under the IHRA. Plaintiff has not shown that her IHRA claims fall outside this language or are otherwise exempt from the forum selection clause. Moreover, her request for leave to amend the Complaint does not address the enforceability of the forum selection clause and cannot justify delaying dismissal.

### IX. Alternatively, this Court may Convert Defendant's Request to a Motion to Transfer Venue.

However, if this Honorable Court agrees with Plaintiff's assertion that Defendant's arguments are more properly in alignment with a motion to transfer to a different federal district court, Defendant alternatively requests that this Court transfer this case to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. § 1404(a).

Courts have discretion to determine whether dismissal or transfer is appropriate. *See Atl. Marine,* 571 U.S. 49 (The *Supreme Court* converted defendant's motion to dismiss under §

1406(a) or Rule 12(b)(3) to a motion to transfer under § 1404(a)); *Nw. 1 Trucking, Inc. v. Haro,* 613 F. Supp. 3d 1081, 1090 (N.D. Ill. 2020) (converting a motion about a forum selection clause from a motion to transfer under § 1404(a), to a motion to dismiss for *forum non conveniens*); *Dow v. Jones,* 232 F. Supp. 2d 491, 498 (D. Md. 2002) (when a motion to dismiss for *forum non conveniens* is filed, courts may instead analyze the case under § 1404(a) and order a transfer if the statutory criteria are met.).

Thus, if this Court is not inclined to dismiss Plaintiff's complaint, Defendant requests that this Court exercise its discretion to transfer this case to the United States District Court for the Northern District of Texas. *See Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir.1988) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."); *United Fin. Mortg. Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 888 (N.D. Ill. 2002) (The Court transferred venue of the case *sua sponte*, pursuant to 28 U.S.C. § 1406, to the Central District of California as that court had personal jurisdiction and venue over all the parties to the action.).

## CONCLUSION

The forum selection clause agreed upon by the parties is valid, enforceable, and applicable to all claims raised in Plaintiff's Complaint. Plaintiff has failed to demonstrate that enforcement of the clause would be unreasonable, unjust, or contrary to public policy. Accordingly, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to the doctrine of *forum non conveniens* and dismiss this action in favor of the agreed-upon forum in Dallas County, Texas. If this Court declines Defendant's request for dismissal of the complaint, Defendant requests that this Court instead transfer this case to the appropriate federal court in Dallas Couty, Texas.

                                             Respectfully submitted,
                                             **SCHUELER, DALLAVO & CASIERI**

                                      By:/s/ *Katherine A. Rodosky*
                                             An Attorney for Defendant

Katherine A. Rodosky
Schueler, Dallavo & Casieri
525 W. Monroe Street, Suite 1530
Chicago, IL 60661
(312) 831-1091
krodosky@sdc-atty.com
ARDC No. 6225948

## CERTIFICATE OF SERVICE

Katherine A. Rodosky, an attorney in this cause, certifies that the foregoing Defendant's Reply in Support of the Motion to Dismiss was served upon plaintiff's counsel by the Court's Electronic Case Filing (ECF) system on this October 1, 2025.

                                             /s/ *Katherine A. Rodosky*